IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02763-NRN

ALEJANDRO ARGUELLES-LOPEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center;
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General of the United States
in their official capacities,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Alejandro Arguelles-Lopez's ("Petitioner")
Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the
"Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility
in Aurora, Colorado. ECF No. 1 ¶ 5. The main question before the Court is whether
Respondents' appeal to the Board of Immigration Appeals of the immigration judge's
March 4, 2026 order granting Petitioner bond—which resulted in an automatic stay of
the immigration judge's bond order and thus prolonged Petitioner's detention—is lawful.

Because this is a fundamentally legal debate, there is no need for a hearing on
the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN**

**PART** the Petition. In granting the Petition, the Court presumes familiarity with the parties' briefing, and this case's factual and procedural background.

## BACKGROUND

Petitioner is a 39-year-old native and citizen of Mexico who entered the U.S. without inspection in 2003. ECF No. 1 ¶¶ 1, 2, 31. Petitioner was placed in removal proceedings on January 6, 2026, via a Notice to Appear ("NTA"). *Id.* ¶ 32. Petitioner was detained during a traffic stop in St. Lucie County, Florida in November 2025. *Id.* ¶¶ 3, 33. He was held in custody in the county jail, then transferred to the "Alligator Alcatraz" in Ochopee, Florida, before being transferred to Aurora, Colorado on December 9, 2025. *Id.*

On March 4, 2026, Petitioner appeared at a custody redetermination hearing in immigration court. At this hearing, the immigration judge ("IJ") granted release from custody under bond of $10,000.00. *Id.* ¶ 35. The Department of Homeland Security ("DHS") appealed the decision of the IJ on March 18, 2026, and thereby invoked the automatic stay provision under 8 C.F.R. § 1003.19(i)(2). *Id.* ¶ 37. Petitioner has remained in custody since. *Id.*

## DISCUSSION

This case asks whether an automatic stay provision violates Petitioner's due process rights, the INA, and the Administrative Procedures Act ("APA"). *See generally* ECF No. 1. The Court agrees with Petitioner that Respondents' invocation of the automatic stay under 8 C.F.R. § 1003.19 is unlawful. Numerous courts have persuasively reached the same conclusion, and the Court sees no reason to reach a contrary one here. *See, e.g.*, *Arana-Hernandez v. Baltasar*, No. 26-cv-00725-CNS,

2026 WL 696642, at *1 (D. Colo. Mar. 12, 2026) (finding invocation of automatic stay

unlawful); *Leal-Hernandez v. Noem*, 803 F. Supp. 3d 409, 428 (D. Md. 2025) ("Where

Petitioner's detention is discretionary and subject to bond redetermination . . . and the IJ

has exercised his discretion to issue bond . . . the automatic stay of 8 C.F.R. §

1003.19(i)(2) renders both the discretionary nature of Petitioner's detention and the IJ's

authority a nullity."); *Maza v. Hyde*, 807 F. Supp. 3d 42, 51 (D. Mass. 2025) ("Because

the automatic stay regulation enables DHS to usurp the Immigration Judge's role in

making detention and bond determinations, it exceeds the Congressional limit on the

Attorney General's authority to delegate a statutory function."); *Jacinto v. Trump*, 796 F.

Supp. 3d 584, 592 (D. Neb. 2025). Respondents fail to persuade otherwise. *See*

*generally* ECF No. 8 (an abbreviated response that makes no argument that Petitioner's

detention is lawful).

As Judge Julie R. Rubin wrote in *Leal-Hernandez*, the Court

> discerns no significant (or any) governmental interest in continuing to hold
> Petitioner in custody inasmuch as [the immigration judge] was satisfied that
> Petitioner did not pose a flight or public safety risk such that he should not
> be released on bond. Inasmuch as the Government appears to have
> undertaken no evaluation of Petitioner's case . . . before invoking the
> automatic stay, the court has no earthly idea what governmental interest
> could be served by Petitioner's continued detention should he satisfy the
> bond order.

*Leal-Hernandez*, 803 F. Supp. 3d at 427.[1]

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 10. But

D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by

---

[1] Because the Court finds that the automatic stay violates Petitioner's due process rights, the Court does not reach Petitioner's additional arguments under the Administrative Procedures Act. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows,

1. Petitioner shall be released from custody subject to, and in accordance with, the terms and conditions, including bond conditions, imposed by the immigration judge in the March 4, 2026 order;

2. Respondents shall not impose any conditions beyond those imposed by the immigration judge in the March 4, 2026 order;

3. Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

4. Respondents shall file a status report within five (5) days of this order stating whether Petitioner has been released on bond.

Dated at Denver, Colorado this 7th Day of July, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

4